UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBBIE A. TILLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: 1:13-cv-1775-TWP-DML ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security, Administration, | ) ) ) ) |
| Defendant. | ) ) |

## Report and Recommendation on Complaint for Judicial Review

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation as to its appropriate disposition. (Dkt. 25). As addressed below, the Magistrate Judge recommends that the District Judge AFFIRM the decision of the Commissioner of the Social Security Administration that plaintiff Debbie A. Tilley is not disabled.

## Introduction

Plaintiff Debbie A. Tilley applied in February 2011 for Disability Insurance Benefits (DIB) and Supplemental Security Income disability benefits (SSI) under Titles II and XVI, respectively, of the Social Security Act, alleging that she has been disabled since January 1, 2009. Acting for the Commissioner of the Social Security Administration following a hearing on June 25, 2012, administrative law judge James R. Norris issued a decision on July 13, 2012, finding that Ms. Tilley is not disabled. The Appeals Council denied review of the ALJ's decision on September

16, 2013, rendering the ALJ's decision for the Commissioner final. Ms. Tilley timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Ms. Tilley contends that the ALJ erred in his evaluation of Ms. Tilley's credibility, erred in evaluating her failure to follow medical treatment recommendations, and did not properly evaluate disability onset. The court first recounts the standard for proving disability under the Social Security Act before summarizing the ALJ's findings and the court's standard of review of the administrative decision. Finally, the court addresses Ms. Tilley's specific assertions of error.

## **Standard for Proving Disability**

To prove disability, a claimant must show that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (DIB benefits); 42 U.S.C. § 1382c(a)(3)(A) (SSI benefits).[1] Ms. Tilley is disabled if her impairments are of such severity that she is not able to

---

[1] Two programs of disability benefits are available under the Social Security Act: DIB under Title II for persons who have achieved insured status through employment and withheld premiums, 42 U.S.C. § 423 *et seq.*, and SSI disability benefits under Title XVI for uninsured individuals who meet income and resources criteria, 42 U.S.C. § 1381 *et seq.* The court's citations to the Social Security Act and regulations promulgated by the Social Security Administration are those applicable to DIB benefits. For SSI benefits, materially identical provisions appear in Title XVI and generally at 20 C.F.R. § 416.901 *et seq.*

2

perform the work she previously engaged in and, if based on her age, education, and work experience, she cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if she is, then she is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then she is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then her residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite her

impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform her past relevant work, then she is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on her vocational profile (age, work experience, and education) and her RFC; if so, then she is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given her age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

### Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence

4

in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

I. **The ALJ's Sequential Findings**

Ms. Tilley was born in 1968 and was 40 years old at the alleged onset of her disability in January 2009. She was 44 years old at the time of the ALJ's decision denying disability benefits.

At step one, the ALJ determined that Ms. Tilley had worked for a period of time after her alleged onset date. She earned about $25,000 in 2009, and about $10,000 in 2010, through her full-time job as an administrative assistant, which she held until May 31, 2010. Because that work was substantial gainful activity, the ALJ limited his further evaluation of her disability to the period beginning June 1, 2010. (R. 25).

At step two, he identified the following impairments as severe: osteoarthritis in the knees and feet, obesity, fibromyalgia, and sleep apnea. At step three, he found that none satisfied a listing. For purposes of steps four and five, the ALJ decided that Ms. Tilley had the following residual functional capacity (RFC):

> [She can] lift and carry up to 20 pounds occasionally, and 10 pounds frequently. She has no restrictions with sitting. She is able to stand-walk in combination for two hours total in an eight-hour work day. She can occasionally stoop and crouch, but can never kneel or crawl, or climb ramps, stairs, ladders, ropes, or scaffolds. She would need to avoid any exposure to unprotected heights.

5

(R. 33). With this RFC and based on the testimony of a vocational expert, the ALJ determined that Ms. Tilley was capable of performing her past relevant work. Thus, the ALJ found at step five that she was not disabled at any time from her alleged onset date of January 1, 2009, through the date of his decision in July 2012. (R. 34). The ALJ did not reach step five.

## II. Analysis of Assertions of Error

### A. The ALJ did not err in evaluating Ms. Tilley's noncompliance with treatment recommendations.

In evaluating Ms. Tilley's complaint that severe pain in her feet restricted her from sitting for very long and required elevation of her feet above her heart for one to two hours at a time at least twice per day, the ALJ analyzed treatment records prepared by Ms. Tilley's podiatrist, Dr. Stanley. He noted that Dr. Stanley recorded Ms. Tilley's pain in her feet as mild upon his palpitation and range of motion testing. He emphasized that in July 2011, Dr. Stanley recommended conservative treatment, including that Ms. Tilley wear supportive insoles and athletic or walking shoes and refrain from going barefoot. By November and December 2011, Ms. Tilley still had not purchased insoles and was not wearing supportive athletic or walking shoes. Nor was there any suggestion in Dr. Stanley's records, or any other clinical record, that Ms. Tilley should keep her legs elevated above her heart. (R. 30-31). Based on Ms. Tilley's failure to follow Dr. Stanley's treatment recommendation to use proper insoles and wear appropriate shoes, the

ALJ reasoned that Ms. Tilley's description of the limiting effects of her foot pain was not believable.

Ms. Tilley argues that the ALJ erroneously relied on her noncompliance with Dr. Stanley's treatment recommendations in deciding she was not disabled. She relies on SSA regulation 20 C.F.R. § 404.1530, and SSR 82-59, which prohibit an ALJ from finding that a claimant is disabled if a claimant refuses prescribed treatment without a good reason and if the prescribed treatment would restore the claimant's ability to work. *Shramek v. Apfel,* 226 F.3d 809, 812 (7th Cir. 2000) (where ALJ denies benefits because the claimant refused to undergo treatment, it must be supported by a finding that if the treatment were followed, the claimant could return to work). But here, the ALJ did not rule that Ms. Tilley was not disabled because she did not wear insoles and proper shoes and if she had, she would not be disabled. Instead, he found that her decision not to comply with the conservative, and simple, treatment Dr. Stanley recommended indicated that her foot pain was not as severe as she claimed it to be.

Contrary to Ms. Tilley's argument, SSA regulation 20 C.F.R. § 404.1530 and SSR 82-59 do not govern the ALJ's credibility determination or forbid an ALJ from deciding that a claimant's refusal to follow through with treatment harms her credibility. There is an important distinction between an ALJ's decision that a claimant is not disabled at all because she refused treatment and a decision that a claimant's credibility regarding her symptoms is compromised by her refusal to seek treatment. *Rousey v. Heckler,* 771 F.2d 1065 (7th Cir. 1985). If the former, the ALJ

7

must make a finding (which must be reasonable) that the claimant will not be disabled if she undergoes the prescribed treatment. If the latter—a credibility analysis—the ALJ's reasoning must only be logical. *Id.* at 1069-70. In *Rousey,* the ALJ erred on both scores, and with respect to the credibility analysis, erred by attacking the claimant's credibility regarding pain for failing to undergo treatment when there was no link between the treatment and alleviating the pain. *Id.* at 1070. Here, there is a logical link between foot pain and limitations and the failure to wear prescribed supportive insoles and shoes, and there is no indication that Ms. Tilley did not wear appropriate shoes and insoles because of a lack of finances. Although the ALJ did not specifically ask Ms. Tilley about her failure to wear appropriate shoes, he noted that Dr. Stanley's notes described Ms. Tilley as having "admitted" she failed to follow his advice, a verb that can reasonably be construed to indicate a choice without justifiable excuse. Moreover, the only treatment Ms. Tilley described as not affordable was certain prescription medication that cost about $70 per month. (R. 288).

The ALJ's decision to discount the credibility of Ms. Tilley's complaints of foot pain and restrictions is reasoned, and thus the court must reject Ms. Tilley's argument that the ALJ erroneously evaluated her failure to follow the podiatrist's treatment regimen.

### B. The ALJ was not required to address every factor that may affect a claimant's credibility.

Ms. Tilley's next assertion of error is that the ALJ erroneously failed to address every factor listed in SSR 96-7p relating to a claimant's credibility. The

8

court must reject this argument because, as explained below, an ALJ is not required to do so.

Social Security Ruling 96-7p requires an ALJ to consider a claimant's subjective complaints in light of the relevant objective medical evidence, as well as any other pertinent evidence. That evidences includes the claimant's daily activities, the severity and intensity of the claimant's symptoms, precipitating and aggravating factors, medication, treatment, other measures to relieve the person's symptoms and their efficacy and side effects, and any other factors relevant to functional limitations from due or other symptoms. *See also* 20 C.F.R. § 404.1529(c)(3). Because the ALJ sees and hears the claimant, his assessment of the claimant's credibility is entitled to special deference from the court. *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2008). The court's role is "limited to examining whether the ALJ's determination was 'reasoned and supported,' and it may not overturn the ALJ's finding unless it is "patently wrong." *Elder v. Astrue,* 529 F.3d 408, 413-14 (7th Cir 2008). "It is only when the ALJ's determination lacks any explanation or support that [the court] will declare it to be patently wrong and deserving of reversal." *Id.* (internal citations omitted).

It is *not* necessary that the ALJ recite findings on every factor described in SSR 96-7p, or that he discuss every piece of evidence that might bear on credibility, or that he even specify exactly which of the claimant's statements were not credible. *Sawyer v. Colvin,* 512 Fed. Appx. 603 at *5 (7th Cir. 2013) (unpublished) (the principle that ALJs are not required to discuss every piece of evidence applies to a

9

credibility assessment); *Jens v. Barnhart,* 347 F.3d 209, 213 (7th Cir. 2003) (ALJ need not specify which statements were incredible so long as the overall record adequately supports the credibility finding); *Erwin v. Astrue,* 2009 WL 2762840 at *7 (S.D. Ind. Aug. 27, 2009) (ALJ need not recite findings on every factor).

Here, the ALJ's decision provides sufficient insight into the bases for his negative credibility determination. They included Ms. Tilley's decision to not wear appropriate shoes and corrective insoles, management of knee pain through medication, her ability to work full time for more than 18 months after the date she alleged she first become disabled, her doctor's report that her sleep apnea had successfully responded to CPAP therapy, and another of her doctor's opinion that Ms. Tilley had the ability to sit without difficulty.

Under these circumstances and given the substantial deference the court owes to the ALJ's credibility finding, the court concludes that the ALJ's finding is not patently wrong.

### C. The ALJ did not abandon his duty to assess disability throughout the period under adjudication.

Ms. Tilley's final assertion of error is that "[t]he ALJ should have determined whether Ms. Tilley was disabled at the time of the hearing, and then utilized SSR 83-20 to determine the onset date of that disability. She asserts that "[w]ithout making this determination, the ALJ has abandoned his duties to properly adjudicate this claim.

This argument cannot be squared with the ALJ's decision itself. The ALJ did evaluate all of the evidence to determine whether Ms. Tilley had become disabled at

10

any time from the date she had alleged she was disabled and through the date of the decision. He noted that because Ms. Tilley had worked full time up through May 31, 2010, at a level of substantial gainful activity, then as a matter of law, she could not be found to be disabled before that date even though she alleged onset as of January 1, 2009. *See also* 20 C.F.R. § 404.1520(b) (emphasis in original) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.") The ALJ did not stop there in his analysis, but then evaluated the evidence "to determine whether any period of disability developed after that date." (R. 25). And, he concluded, that Ms. Tilley was not disabled at any time "through the date of this decision," which was July 13, 2012. (R. 34). Because the ALJ decided that no period of disability had developed after Ms. Tilley had stopped working full time in May 2010, it was unnecessary for him to establish any particular date as the onset of disability. *See Scheck v. Barnhart,* 357 F.3d 697, 701 (7th Cir. 2004) ("The ALJ did not find that [the claimant] was disabled, and therefore, there was no need to find an onset date. In short, SSR 83-20 does not apply.") The court must therefore reject Ms. Tilley's assertion that the ALJ erred by not following SSR 83-20 and deciding on a disability onset date.

## Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge AFFIRM the Commissioner's decision. Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. 636(b)(1) and Fed.

11

R. Civ. P 72(b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: February 2, 2015

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system